UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HESTER,

    Plaintiff,                                          Civil Action No. 13-CV-14998

vs.                                                     HON. BERNARD A. FRIEDMAN

WAYNE COUNTY JAIL,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In the present case, plaintiff's complaint alleges in its entirety as follows: "I got shot a few years back, my intestin[e] had to be cut on. I went back to the hospital about 6 months later they had to go inside me again and do something to my intestin[e]. The first on[e] was at St. John and the other was at [Detroit Receiving]."  Plaintiff claims "my rights have been violated by not giving [illegible] me medical attention."

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The only defendant named in the complaint is the Wayne County Jail, which is not a proper defendant.  The complaint makes no allegations against the jail, jail employees, the jail administrator or Wayne County.  No relief is available as to the jail itself.  Nor does the complaint allege that his intestinal problem is a serious medical need or that any jail employee has been deliberately indifferent to it. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976).  In its present form, the complaint fails to state a claim.  Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

|  |  |
|---|---|
|  | S/ Bernard A. Friedman_____ |
| Dated:  January 21, 2014 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |